IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: 2023-CA-014496-O

THREECHARMS ON BOCA LLC,

    Plaintiff,

vs.

INDEPENDENT SPECIALTY
INSURANCE COMPANY and
CERTAIN UNDERWRITERS AT
LLOYD'S AND OTHER INSURERS
SUBSCRIBING TO BINDING
AUTHORITY B604510568622022,

    Defendants.
_____/

**DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL
FROM STATE COURT TO FEDERAL COURT**

PLEASE TAKE NOTICE that Defendants, **INDEPENDENT SPECIALTY INSURANCE COMPANY** and **CERTAIN UNDERWRITERS AT LLOYD'S AND OTHER INSURERS SUBSCRIBING TO BINDING AUTHORITY** B604510568622022, have removed this matter with the Clerk of the United States for the Middle District of Florida. A copy of the Notice of Removal to be filed in the Middle District of Florida with its enclosures, is attached hereto as Exhibit "1."

Dated: September 18, 2023

Case No: 2023-CA-014496-O
Defendants' Notice of Filing Notice of Removal

Respectfully submitted,

*/s/ Olivia J. Hansen*
**RICHARD M. SINGER, ESQ.**
Florida Bar No: 93036
**OLIVIA J. HANSEN, ESQ.**
Florida Bar No: 1003873
**WOOD, SMITH, HENNING**
**& BERMAN, LLP**
7835 NW Beacon Square Blvd.
Second Floor
Boca Raton, FL 33487
Tel.: 954-932-3500
rsinger@wshblaw.com
ohansen@wshblaw.com
ojimenez@wshblaw.com
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 18, 2023, a copy of the foregoing was served via the Florida e-Portal filing system which will send notice to all counsel of record.

*/s/ Olivia J. Hansen*
**OLIVIA J. HANSEN, ESQ.**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

CASE NO:

THREECHARMS ON BOCA LLC,

    Plaintiff,

vs.

INDEPENDENT SPECIALTY INSURANCE
COMPANY AND CERTAIN UNDERWRITERS
AT LLOYD'S LONDON AND OTHER INSURERS
SUBSCRIBING TO BINDING AUTHORITY
B604510568622022,

    Defendants
_____/

## NOTICE OF REMOVAL

Defendants, Independent Specialty Insurance Company ("ISIC") and Certain Underwriters at Lloyd's London and Other Insurers Subscribing to Binding Authority B604510568622022 ("Underwriters"), remove to this Court the civil action filed by Plaintiff, Threecharms on Boca LLC ("Threecharms"), in the Circuit Court of Orange County, Florida under 9 U.S.C. § 203, 205 and 28 U.S.C. §§ 1331, 1441, and 1446. This Court has subject-matter jurisdiction over this lawsuit for the following reasons.

**I.    BACKGROUND FACTS**

1. Threecharms filed a Complaint for Breach of Contract in the case styled *Threecharms on Boca LLC v. Independent Specialty Insurance Company and Certain Underwriters at Lloyd's London and Other Insurers Subscribing to Binding Authority B6045105686222022*, in the Circuit Court of the 9th Judicial Circuit for Orange County, Florida, Case No. 2023-CA-014496-O (the "State Court Action"). At the time of this removal, the only documents filed in the State Court Action are the: (1) Civil Cover Sheet; (2) Standing Case Management Plan/Order; (3) Complaint; (4) Plaintiff's First Request for Admissions to ISIC; (5) Plaintiff's First Request for Admissions to Underwriters; (6) Plaintiff's First Request to Produce to ISIC; (7) Plaintiff's First Request to Produce to Underwriters; (8) Plaintiff's First Set of Interrogatories to ISIC; (9) Plaintiff's First Set of Interrogatories to Underwriters; (10) Summons issued to ISIC; (11) Summons issued to Underwriters; (12) Plaintiff's Notice of Appearance; (13) Plaintiff's Notice of Filing of Service of Process as to ISIC; (14) Plaintiff's Notice of Filing of Service of Process as to Underwriters; (15) Defendants' Notice of Appearance; and (16) a Motion for extension of time to respond to the Complaint. Copies of all documents filed in the State Court Action are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

2. In the State Court Action, Threecharms seeks damages from Defendants for all damage to its property located at 421 Park Avenue, Boca Grande, Florida 33921 (the "Property").

3. The Property was insured by Defendants under Policy Number 2021-802769-02.

4. Defendants and Threecharms agreed to arbitrate all matters in dispute. The arbitration provision provides as follows:

> **3. Arbitration Clause and Choice of Law**
>
> All matters in difference between an insured and the Insurer (hereinafter referred to as "the Parties") in relation to this insurance, including its formation, validity, and the arbitrability of any dispute, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out. This Arbitration Clause applies to all persons or entities claiming that they are entitled to any sums under the policy, including, but not limited to, additional insureds, mortgagees, lender's loss payees, assignees, and/or lienholders.
>
> 1. This provision governs the appointment of the Arbitration Tribunal. Unless the Parties otherwise agree, the Arbitration Tribunal shall consist of disinterested persons currently or formerly employed or engaged in a senior position in insurance underwriting or claims at an insurance company. The Arbitrators may not have any interest or claimed interest in the outcome of the arbitration, including any contingency interest or an assignment of any portion of the claim.
>
> The Parties may agree upon a single Arbitrator within thirty days (30) of one receiving a written request from the other for arbitration. If they do not agree on one Arbitrator, the Claimant (the party requesting arbitration) shall appoint his or her Arbitrator and give written notice thereof to the Respondent (the party receiving a request for arbitration). Within thirty days (30) of receiving such notice, the Respondent shall appoint his or her Arbitrator and give written notice of his or her selection to the Claimant. If the Respondent does not provide written

      notice of his or her Arbitrator within thirty days (30) of receiving the Claimant's notice, the Claimant may nominate an Arbitrator on behalf of the Respondent.

      The two Arbitrators shall then select an Umpire. If the two Arbitrators fail to agree on the selection of the Umpire within thirty (30) days of the appointment of the second named Arbitrator, each Arbitrator shall submit to the other a list of three Umpire candidates. Each Arbitrator shall then select one name from the list submitted by the other. The Umpire shall be selected from the two names chosen by a lot drawing procedure to be agreed upon by the Arbitrators. The Umpire must also be currently or formerly employed or engaged in a senior position in insurance underwriting or claims at an insurance company. The Umpire may not have any interest or claimed interest in the outcome of the arbitration, including any contingency interest or an assignment of any portion of the claim.

      The Arbitration Tribunal consists of the Umpire, the Claimant's selected Arbitrator, and the Respondent's selected Arbitrator.

2. The Arbitration Tribunal shall have the power to fix all procedural rules for the Arbitration, including discretionary power to make orders as to any matter which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses, and any other matter whatsoever relating to the conduct of the Arbitration. The Arbitration Panel may receive and act upon such evidence in its discretion, regardless of whether that evidence is oral or written or strictly admissible or not.

3. The seat of the Arbitration shall be in New York, unless some other location is agreed to by the Parties and the Arbitration Tribunal. The Arbitration Tribunal shall apply the law of New York when resolving all matters in difference between the Parties, regardless of the location of the Arbitration.

    4.    The Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature.

    5.    The parties shall each bear their own costs, expenses and attorney's fees in any Arbitration proceeding. Each party will also bear the costs of its own Arbitrator and will bear, jointly and equally with the other party, the costs of the Umpire. The Arbitration Tribunal will allocate the remaining costs of the arbitration.

    6.    The award of the Arbitration Tribunal shall be in writing and binding upon the Parties, who covenant to carry out the same. If either of the Parties should fail to carry out any award, the other may apply for its enforcement as permitted by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

    7.    The provisions in this Arbitration Clause are severable, and if any portion is found to be unenforceable, the other paragraphs, or parts thereof, shall remain full, valid and enforceable.

*See* Policy attached hereto as **Exhibit B**, at SMB 300 2106 CW ALL COMMERCIAL PROPERTY Pages 24-28 of 39.

5.    On April 10, 2023, counsel for Plaintiff served a Notice of Intent to Initiate Litigation ("Notice of Intent") pursuant to Florida Statutes Section 627.70152.

6.    On April 24, 2023, prior to the filing of the State Court Action, counsel for Defendants timely filed a response to the Notice of Intent. The response to the Notice of Intent invoked arbitration pursuant to the Policy's Property Loss Conditions as set forth above. *See* April 24, 2023 correspondence attached hereto as Exhibit C.

## II.   JURISDICTION IS PROPER UNDER 28 U.S.C. § 1331

7. This case is removable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (commonly known as the New York Convention) and 9 U.S.C. § 205 because: (1) there is a written agreement to arbitrate; (2) the arbitration agreement falls under the New York Convention; and (3) the dispute relates to the arbitration agreement.

8. In particular, this Court has jurisdiction under 28 U.S.C. § 1331, which provides that federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. This matter arises out of a treaty, the New York Convention. This is clarified by 9 U.S.C. § 203, which provides: "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

9. Because this court has original jurisdiction, removal is proper under 9 U.S.C. § 205, which states, in pertinent part:

> Where the subject matter of an action or proceeding pending in a State court <u>relates to an arbitration agreement</u> or award <u>falling under the Convention</u>, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for

removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205 (emphasis added).

10. Thus, under 9 U.S.C. § 205, removal is proper when: (1) an arbitration agreement falls under the New York Convention; and (2) the dispute relates to the arbitration agreement. *See Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005).

11. Here, removal is proper because the Arbitration Agreement falls under the New York Convention and this dispute relates to the arbitration agreement.

**A.   The Arbitration Agreement Falls Under the New York Convention.**

12. An agreement falls under the Convention if: (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the arbitration agreement is not an American citizen. *Id.*

13. Courts should undertake a very *limited inquiry* when determining whether an agreement falls under the Convention. *See Polescuks v. Carnival Corp.*, 06-22369-CIV, 2007 WL 9706018, at *2 (S.D. Fla., Sept. 21, 2007) (quoting *Ledee v. Ceramiche Ragno*, 684 F.2d 184, 186-187 (1st Cir. 1982)).

14. Here, the factors are clearly met: (1) the Policy's Arbitration Clause is a written agreement to arbitrate this dispute; (2) the agreement provides for

arbitration in New York, and the United States is a Convention signatory;[1] (3) the agreement arises out of a commercial relationship between Plaintiff and the Defendants; and (4) two of the Defendant Insurers are not American citizens. More specifically, both RenRe Ltd. and RenRe U.S., who are members subscribing to the policy through Syndicate 1458 and through binding agreement B604510568622022, are citizens of England and Wales. *See* Ex. B; *see also* RenaissanceRe Corporate Capital (UK) Limited's Certificate of Incorporation and evidence of its principal place of business attached hereto as **Exhibit D**. Moreover, because these members subscribed to the Policy through the Lloyd's of London insurance market in the United Kingdom, the Arbitration Agreement has a "reasonable relation" to a foreign state.

15. The Eleventh Circuit's four-part test is satisfied, and the Arbitration Agreement clearly falls under the Convention.

B.  **The Dispute Relates to the Arbitration Agreement**

16. The subject matter of this action "relates to" an arbitration agreement under 9 U.S.C. § 205. Courts have found that an action "relates to" an arbitration agreement when the action has some connection, relation, or reference to the

---

[1] United Nations Commission on International Trade Law, *Status: Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958)*, https://uncitral.un.org/en/texts/arbitration/conventions/foreign_arbitral_awards/status2 (last visited Sept. 15, 2021).

arbitration agreement. *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 376 (5th Cir. 2006) "The phrase 'relates to' 'conveys a sense of breadth' and 'sweeps broadly.'" *Id.* at 377 (quoting *Beiser*, 284 F.3d at 669). "[A] clause determining the forum for resolution of specific types of disputes relates to a lawsuit that seeks the resolution of such disputes." *Id.* at 379.

17. In this case, Threecharms claims that Defendants failed to fully indemnify Threecharms for damage to the Property. This is a "matter in dispute" that should be resolved through Arbitration. Thus, the subject matter of Threecharms' action relates to the Arbitration Agreement.

18. For these reasons, removal is proper under 9 U.S.C. § 205 because the Arbitration Agreement falls under the New York Convention and this dispute relates to the Arbitration Agreement.

### III.  REMOVAL PROCEDURE

19. Removal of this action is timely. Both ISIC and Underwriters were served on August 24, 2023. Thus, removal is timely under 28 U.S.C. § 1446(b)(1).

20. Further, removal is timely under 9 U.S.C. § 205. Removal under this statute is broader than removal under the general removal statutes, 28 U.S.C. §§ 1441, 1446. *Acosta*, 452 F. 3d 377. In particular, defendants may remove an action that relates to an arbitration agreement falling under the New York Convention "at any

time before the trial thereof." Because this case is still in its beginning stages and trial has not begun, removal is timely under 9 U.S.C. § 205.

21. Removal is properly made to the United States District Court for the Middle District of Florida – Orlando Division under 28 U.S.C. § 1441(a) and 9 U.S.C. § 205 because Orange County, Florida, where the State Court Action is pending, is within the territorial jurisdiction of this Court.

22. ISIC and Underwriters are the only defendants and consent to removal.

23. Promptly after filing this Notice of Removal with the Court, Defendants will file written notice of the filing with the Clerk of the Court where the State Court Action is pending, in satisfaction of 28 U.S.C. § 1446(d).

24. All procedural requirements have been satisfied. Thus, removal is procedurally proper.

**WHEREFORE**, Defendants remove this action from the County Court of Orange County, Florida and to the Middle District of Florida.

Respectfully submitted: September 19, 2023

/s/ Richard M. Singer
**RICHARD M. SINGER, ESQ.**
Florida Bar No: 93036
**OLIVIA J. HANSEN, ESQ.**
Florida Bar No: 1003873
**WOOD, SMITH, HENNING & BERMAN, LLP**
7835 NW Beacon Square Blvd.
Second Floor
Boca Raton, FL 33487
Tel.: 954-932-3500
rsinger@wshblaw.com
ohansen@wshblaw.com
ojimenez@wshblaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 19, 2023, a copy of the foregoing was served on all parties via CM/EFT E-file portal as follows:

David William Davich, Esq.
Jared McElwee, Esq.
Cohen Law Group, P.A.
350 N. Lake Destiny Road
Maitland, Florida 32751
(407) 478-4878
wdavich@itsaboutjustice.law
jmcelwee@itsaboutjustice.law
*Counsel for Plaintiff*

/s/ Richard M. Singer
**RICHARD M. SINGER, ESQ.**